IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| GERRY DELANO HUDSON | § | |
| --- | --- | --- |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0059-P |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Gerry Delano Hudson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied in part and dismissed in part.

I.

A Dallas County grand jury indicted petitioner on one count of impersonating a public servant. The indictment also contained an enhancement paragraph alleging a prior felony conviction for the same offense. After waiving his right to a jury trial, petitioner pled guilty to the offense charged in the indictment and pled true to the enhancement paragraph. The trial court accepted petitioner's guilty plea and assessed punishment at 10 years confinement and a $2,500 fine. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Hudson*, WR-73,016-01 (Tex. Crim. App. Nov. 25, 2009). Petitioner then filed this action in federal district court.

II.

In two grounds, petitioner contends that: (1) he received ineffective assistance of counsel because his attorney failed to request a psychological evaluation to determine whether petitioner was competent to make legal decisions regarding his case; and (2) his guilty plea was involuntary.

A.

Petitioner has a history of mental problems which are treated by medications that have a number of potential side effects, including confusion. In addition, during the time his criminal case was pending, petitioner allegedly was under extreme stress due to the impending birth of his first child. Although counsel was well-aware of these issues, he did not ask the court to order a psychological evaluation to determine if petitioner was competent to make legal decisions and assist in his defense. Petitioner contends that the failure to request a psychological evaluation constituted ineffective assistance of counsel.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *appeal filed*, Sept. 8, 2009 (5th Cir.) (No. 09-70024) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section 2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal

Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

2.

The state habeas court found that petitioner "was represented by an attorney who exercised all of the skill and expertise that one could reasonably expect from an attorney[,]" and concluded that petitioner "was in no way denied his right to effective assistance of counsel at trial." *Ex parte Hudson*, WR-73,016-01, Tr. at 026, ¶ 5. That finding was based on the affidavit testimony of petitioner's former attorney, Gary D. Unell, who the court determined was a "trustworthy individual." *Id.* at 025, ¶ 4. According to Unell:

> Simply by the nature of the charges against Mr. Hudson I did have suspicions that he may have mental issues and we did discuss his history of mental illness. However, at no time did I believe Mr. Hudson incompetent to stand trial or at any time did I believe he did not have a complete factual and rational understanding of the charges against him. Moreover, Mr. Hudson was able to assist in his defense to a greater degree than most of my clients.

*Id.* at 030. This court is bound by the state court findings unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Valdez*, 274 F.3d at 948 n.11 (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Here, petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut the finding that he received effective assistance of counsel. In particular, there is absolutely no evidence to suggest that petitioner was not competent to make legal decisions or assist in the

preparation of his defense. The conclusory assertion that counsel should have requested a psychological evaluation because petitioner was taking medications that have potential adverse side effects does not merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 523 (N.D. Tex. 2001) (citing cases), *COA denied*, No. 01-11404 (5th Cir. Mar. 14, 2002) (conclusory statements are insufficient to establish ineffective assistance of counsel); *Kelch v. Cockrell*, No. 3-01-CV-2672-L, 2002 WL 31455548 at *3 (N.D. Tex. Oct. 31, 2002), *COA denied*, No. 02-11290 (5th Cir. Jun. 25, 2003) (rejecting claim that petitioner was incompetent to enter guilty plea because of potential side effects of medications, including confusion, absent evidence that petitioner actually experienced any adverse side effects).

B.

Petitioner further contends that his guilty plea was involuntary because counsel advised him to stay on his medications which caused confusion. Respondent counters that this claim is unexhausted and procedurally barred from federal habeas review.

1.

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110-11.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Petitioner raised four claims in his state writ: (1) his sentence constituted cruel and unusual punishment; (2) his right to be "secure in myself" was violated; (3) he was forced to admit to

offenses he did not commit; and (4) he was denied a speedy trial. *See Ex parte Hudson*, WR-73,016-01, Tr. at 007-010. Nowhere in his state writ did petitioner argue that his guilty plea was involuntary because of the side effects of his medication. The court finds that a Texas court, presented with this claim in a successive habeas petition, would likely find it barred under article 11.07, § 4. Consequently, federal habeas relief is not proper. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied in part and dismissed in part. His ineffective assistance of counsel claim should be denied on the merits. Petitioner's claim challenging the validity of his guilty plea should be dismissed as procedurally barred.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 4, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE